**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **WAYNE A. BROOKS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-8356** |
| **SOCIAL SECURITY ADMINISTRATION** | **SECTION "A" (3)** |

**REPORT AND RECOMMENDATION**

Plaintiff Wayne A. Brooks filed this action pursuant to 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying his claim for disability and disability insurance benefits ("DIB") under Title II of the Social Security Act ("SSA"). The matter has been fully briefed on cross-motions for summary judgment. The issues are thus ripe for review. For the following reasons, IT IS RECOMMENDED that plaintiff's motion for summary judgment be DENIED, the Commissioner's cross-motion be GRANTED, and plaintiff's case be DISMISSED WITH PREJUDICE.

I.      **BACKGROUND**

Plaintiff protectively filed his application for DIB on November 28, 2012, alleging a disability onset date of February 25, 2012. (Adm. Rec. at 341, 364). Plaintiff alleged disability due to sciatica, two bulging discs in his back, lower back pain, tingling in his left leg, and numbness from his buttock to his thigh on the left side. (*Id.* at 374). Plaintiff, born on September 8, 1965, was 47 years old on the date on which he alleged disability. (*Id.* at 341). Plaintiff has a high-school education, (*id.* at 375), and has past work experience as a waiter. (*Id.* at 375).

Defendant initially denied plaintiff's application on January 8, 2013. (*Id.* at 204-07). Plaintiff sought an administrative hearing, which defendant held on February 21, 2014. (*Id.* at 144-70). Plaintiff and a vocational expert ("VA") testified at the hearing. After the oral hearing, the

1

ALJ issued an opinion on April 24, 2014 in which she found plaintiff not disabled. (*Id.* at 183-93). Plaintiff appealed, and the Appeals Council remanded this case to the ALJ in order to allow cross-examination of the vocational expert ("VE") regarding her methodology in deducing job numbers in the national economy and to incorporate plaintiff's severe impairment of depression into the ALJ's residual functional capacity ("RFC") finding. (*Id.* at 200-01).

On remand, the ALJ held a second administrative hearing on July 12, 2016. (*Id.* at 111-32). Plaintiff and the VE also testified at that hearing.   On October 26, 2016, the ALJ issued a second opinion in which she found plaintiff not disabled. (*Id.* at 25-36).   On June 29, 2018, the Appeals Council issued the final administrative decision in which it adopted the ALJ's finding that plaintiff is not disabled.   (*Id.* at 4-9).

The Appeals Council used the five-step sequential evaluation process to evaluate plaintiff's application. (*Id.* at. 4-9). At step one, the Appeals Council found that, although plaintiff had engaged in substantial gainful activity twice since his alleged onset date of February 25, 2012, plaintiff had not engaged in substantial gainful activity for at least a twelve-month period since his alleged onset date. (*Id.* at 5, 8). At step two, the Appeals Council found that plaintiff has the severe impairments of degenerative disc disease and depression. (*Id.*). At step three, the Appeals Council found that plaintiff does not have an impairment or a combination of impairments that meets or equals an Appendix 1 listed impairment for presumptive disability under the regulations. (*Id.* at 5, 8). The Appeals Council ultimately determined that plaintiff retains the RFC to perform light work, with the following additional limitations:

> • standing and/or walking no more than six hours in an eight-hour workday, with the need to alternate positions every hour to stretch;
> • no climbing ladders, ropes, or scaffolds,
> • no more than occasional stooping, kneeling, crouching, and crawling;

• no work involving dangerous or hazardous machinery or heights;
• only routine workplace changes; and
• no more than occasional direct interaction with the public.

(*Id.* at 6).

At step four, the Appeals Council found that plaintiff is unable to perform his past relevant work. (*Id.* at 7). At Step Five, relying on VE testimony taken during plaintiff's second administrative hearing, and considering plaintiff's age, education, work experience, and RFC, the Appeals Council found that there were jobs existing in significant numbers in the national economy that plaintiff can perform. (*Id.* at 7, 57-65). Accordingly, the Appeals Council ultimately determined that plaintiff was not disabled under the Act for the four-year period from February 25, 2012, his alleged onset date, through October 31, 2016, the date of the ALJ's decision. (*Id.* at 8-9). Thus, the Appeals Counsel's decision constitutes the Commissioner's final decision for purposes of judicial review. Plaintiff now seeks judicial review of the Appeals Council's decision pursuant to 42 U.S.C. § 405(g).

## II.    STANDARD OF REVIEW

The function of a district court on judicial review is limited to determining whether there is "substantial evidence" in the record, as a whole, to support the final decision of the Commissioner as trier of fact, and whether the Commissioner applied the appropriate legal standards to evaluate the evidence.   *See* 42 U.S.C. § 405(g); *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir.1999); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir.1995); *Carriere v. Sullivan*, 944 F.2d 243, 245 (5th Cir.1991).   If the Commissioner's findings are supported by substantial evidence, this Court must affirm them.   *Martinez*, 64 F.3d at 173.

"Substantial evidence" is that which is relevant and sufficient for a reasonable mind to

accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401(1971); *Masterson v. Barnhart,* 309 F.3d 267, 272 (5th Cir. 2002).    It is more than a scintilla, but may be less than a preponderance. *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir.1993).   A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the Commissioner's decision. *See Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2002).

A district court may not try the issues *de novo*, re-weigh the evidence, or substitute its own judgment for that of the Commissioner. *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir.1995); *Spellman*, 1 F.3d at 360. The Commissioner is entitled to make any finding that is supported by substantial evidence, regardless of whether other conclusions are also permissible. *See Arkansas v. Oklahoma*, 503 U.S. 91, 112-13 (1992). Conflicts in the evidence are for the Commissioner to resolve, not the courts. *Carey,* 230 F.3d at 135.  Any of the Commissioner's findings of fact that are supported by substantial evidence are conclusive. *Ripley*, 67 F.3d at 555.  Despite this Court's limited function on review, the Court must scrutinize the record in its entirety to determine the reasonableness of the decision reached and whether substantial evidence exists to support it. *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir.1992); *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir.1990).

## III.    ENTITLEMENT TO BENEFITS UNDER THE ACT

To be considered disabled and eligible for disability benefits under the Act, plaintiff must show that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C.

§§ 423(d)(1)(A), 1382c(a)(3)(A).   A claimant is considered disabled only if his physical or mental impairment is so severe that he is unable to do not only his previous work, but can not, considering his age, education and work experience, participate in any other kind of substantial gainful work which exists in significant numbers in the national economy, regardless of whether such work exists in the area in which he lives, whether a specific job vacancy exists, or whether he would be hired if she applied for work.   42 U.S.C. § 1382(a)(3)(B).   The Commissioner has promulgated regulations that provide procedures for evaluating a claim and determining disability.   20 C.F.R. §§ 404.1501 - 404.1599 & Appendices, §§ 416.901t-416.988 (1995).   The regulations include a five-step evaluation process for determining whether an impairment prevents a person from engaging in any substantial gainful activity.   *Id*. §§ 404.1520, 416.920; *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir.1994).

In *Shave v. Apfel*, 238 F.3d 592 (5th Cir. 2001), the Fifth Circuit restated the five-step procedure to make a disability determination under the Social Security Act:

> The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." To determine whether a claimant is disabled, and thus entitled to disability benefits, a five-step analysis is employed. First, the claimant must not be presently working at any substantial gainful activity. Second, the claimant must have an impairment or combination of impairments that are severe. An impairment or combination of impairments is "severe" if it "significantly limits [a claimant's] physical or mental ability to do basic work activities." Third, the claimant's impairment must meet or equal an impairment listed in the appendix to the regulations. Fourth, the impairment must prevent the claimant from returning to his past relevant work. Fifth, the impairment must prevent the claimant from doing any relevant work, considering the claimant's residual functional capacity, age, education and past work experience. At steps one through four, the burden of proof rests upon the claimant to show he is disabled. If the claimant acquits this responsibility, at step five the burden shifts to the Commissioner to show that there is other gainful employment the claimant is capable of performing in spite of his existing

impairments. If the Commissioner meets this burden, the claimant must then prove
he in fact cannot perform the alternate work.

*Shave*, 238 F.3d at 594 (quoting *Crowley v. Apfel*, 197 F.3d 194, 197-98 (5th Cir.1999)).   If the
ALJ determines that a plaintiff is not disabled under Step V of the five-part test, the ALJ must
establish that the claimant has a "residual functional capacity," given the claimant's age, education,
and past work experience, to perform other work available in the national economy.   *Leggett v.
Chater*, 67 F.3d 558, 564 n.11 (5th Cir. 1995).   Step V also requires the Commissioner to use the
medical-vocational guidelines to make her disability determination.   *Id.*

The four elements of proof weighed to determine whether evidence of disability is
substantial are: (1) objective medical facts; (2) diagnoses and opinions of treating and examining
physicians; (3) claimant's subjective evidence of pain and disability; and (4) claimant's age,
education, and work history.   *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir.1995). "The
Commissioner, rather than the courts, must resolve conflicts in the evidence." *Id.*

## IV.    ISSUES ON APPEAL

There are two issues on appeal:

(1)    Whether the Appeals Council improperly omitted from plaintiff's RFC the
need for an assistive device to ambulate.

(2)    Whether the Appeals Council properly evaluated the testimony of
Counselor Reid Doster.

## V.    ANALYSIS

### 1.    Whether the Appeals Council improperly omitted from plaintiff's RFC the need for an assistive device to ambulate.

Plaintiff's first argument is that the Appeals Council's and the ALJ's RFC determination
and concomitant hypotheticals are deficient because they do not account for the additional

reaching, handling, and fingering limitations associated with his need to grasp a cane while performing work-related activities. [Doc. #20-2 at p. 5]. Plaintiff maintains that the record establishes that he needs a cane to ambulate, thereby limiting his ability to reach, handle, and finger when he has the cane in one hand.   Plaintiff notes that he testified that he uses a cane, and several doctors reported his use of a cane during his examinations.   (Adm. Rec. at 129, 589, 599, 775, 783, and 789).   But plaintiff's argument misses the mark: Reporting that plaintiff *used* a cane to walk is not the same as a medical professional *prescribing the use* of a cane to walk. In short, while the record demonstrates that plaintiff reported using a cane, the record lacks any objective clinical evidence to document the need for an assistive device to ambulate. Indeed, plaintiff himself recognizes that while he uses a cane, no doctor had ever prescribed him one. (*Id.* at 388).[1]

Justin Lundgren, M.D., observed that plaintiff's "gait is fairly normal, non-antalgic" upon examination in July 2012. (*Id.* at 484). Similarly, and consistent with the Appeals Council's finding that plaintiff can perform a restricted range of light work, Everett Robert, Jr., M.D., opined in June 2012 that "I do not think he would benefit from any operative intervention. *I would like for him to return to work at light duty* if possible following the recommendations for his functional capacity examination." (*Id.* at 485) (emphasis added). In April 2013, Michael Zeringue, M.D., stated that plaintiff can perform work "at a medium level work category" if allowed five-minute stand-up

---

[1] Plaintiff's reply brief [Doc. #27] focuses solely on this argument, essentially maintaining that he used a cane even though no physician or treatment provider had ever prescribed him one or opined that it was necessary for him to use one. This argument is futile. *See Johnson v. Berryhill*, Civ. A. No. 3:15-CV3961, 2017 WL 1105720 (N.D. Tex. Mar. 24, 2017) (citing *Stewart v. Colvin*, No. 1:12-CV-039-BL, 2013 WL 1979738 at *5 (N.D. Tex. May 14, 2013) (finding no error when the ALJ failed to incorporate the use of a cane in a claimant's RFC because the record contained no evidence regarding the medical basis for the cane and there was "no physician's report regarding specific medical restrictions requiring [the claimant] to use an assistive device").

breaks every hour or two. (*Id.* at 845). Simply put, the objective evidence by physicians of record did not document a need for an assistive device, and the Appeals Council and the ALJ were entitled to weigh this evidence to determine plaintiff's RFC. (*Id.* at 484-85, 845).

Moreover, plaintiff reported carrying buckets of ice while at work in February 2015, though he reported that his pain increased while doing so. (*Id.* at 718, 775). On several other occasions, plaintiff reported that treatment and medication improved his leg and back pain and functioning (which he alleges necessitates the use of a cane): (1) During a March 2012 left sacroiliac joint injection, plaintiff reported 60% pain relief and better range of motion (*id.* at 535); (2) Plaintiff reported that his pain decreased from a 9 to a 6 when he took Tramadol before Michael Zeringue, M.D. increased his dosage in October 2012 (*id.* at 524); and (3) Plaintiff reported that Lyrica, Pregabalin, and Tramadol helped manage his pain, and he denied having any side effects from them in April and November 2013 (*id.* at 550, 845). Indeed, in November 2011 (before his alleged onset date), plaintiff himself reported that he was "doing better" and no longer had to use his cane. (*Id.* at 490). Overall, the Court finds that the record contains substantial evidence – including plaintiff's own reporting – justifying the Appeals Council's finding that plaintiff does not require an assistive device to perform a restricted range of light work. (Tr. 484-85, 524, 550, 718, 775, 845).

### 2.    Whether the Appeals Council properly evaluated the testimony of Counselor Reid Doster.

On June 16, 2016, Reed Doster completed a Mental Health Questionnaire in which he stated that due to major depressive disorder and depressive symptoms, plaintiff would be absent from work more than four days a month and had "marked" limitations in his activities of daily living; social functioning; concentrating, persisting, or maintaining pace; and episodes of

decompensation. (*Id.* at 905-07). The ALJ afforded "slight weight" to Doster's questionnaire, noting that Doster was not an acceptable medical source, per the Commissioner's regulations, and the Appeals Council adopted the ALJ's evaluation of plaintiff's symptom severity. (*Id.* at 7, 34). Plaintiff argues that the Appeals Council and the ALJ erred by delineating the factors located in 20 C.F.R. § 404.1527, as required by *Newton v. Apfel*, 209 F.3d 448 (5th Cir. 2000), before ultimately declining to afford Doster more weight. Specifically, the ALJ held that "[s]light [sic] weight has been given to the opinion of Mr. Doster, however, [as] it is not certain what his credentials are, and therefore, there is uncertainty about his qualifications to give an opinion about the claimant's abilities." (Adm. Rec. at 34).

The Court first notes that it is axiomatic that the ALJ has the discretion to decline to give significant weight to a check-the-box form. Relying on *Foster v. Astrue*, 410 Fed. Appx. 831, 833 (5th Cir. 2011), the Fifth Circuit has declined to accord responses in a check-the-box format "controlling weight when they lack 'explanatory notes' or 'supporting objective tests and examinations.'" *Heck v. Colvin*, 674 Fed.Appx. 411, 415 (5th Cir. 2017) (per curiam); *Rollins v. Astrue*, 464 Fed. Appx. 353, 357 n.5 (5th Cir. 2012) (noting that "check-the-box" forms without additional explanations might be given less weight but reserving that determination for the ALJ); *Foster v. Astrue*, 410 Fed. Appx. 831, 833 (5th Cir. 2011) (finding good cause to assign little weight to a treating physician's questionnaire opinion "due to its brevity and conclusory nature, lack of explanatory notes, or supporting objective tests and examination...."); *Cullar v. Berryhill*, No. 7:16-CV-0091-O-BL, 2017 WL 4640144, at *11 (N.D. Tex. Sept. 28, 2017), *report and recommendation adopted*, No. 7:16-CV-00091-O-BL, 2017 WL 4574540 (N.D. Tex. Oct. 13, 2017) (same); *Tims v. Colvin*, No. CV 16-70-EWD, 2017 WL 3996404, at *6 (M.D. La. Sept. 11,

2017) ("It is well-established law that the ALJ is entitled to accord little or even no weight to similar 'check-the-box' forms.") (citing *Johnson v. Soc. Sec. Admin.*, Civ. A. No. 15-4811, 2016 WL 6902115, at *4 (E.D. La. Sept. 23, 2016), *report and recommendation adopted*, Civ. A. No. 15-4811, 2016 WL 6892878 (E.D. La. Nov. 23, 2016)). Here, it is undoubtedly clear that the ALJ was entitled in her discretion to afford little weight to Doster's check-the-box form as there is no indication of what his qualifications are and – more importantly – his "checked" opinions contradict the weight of the objective medical evidence in the record.

The *Newton* factors apply only to acceptable medical sources, and those who are also treating specialists, which necessarily excludes non-acceptable medical sources. In *Newton*, the Fifth Circuit "held . . . that 'an ALJ is required to consider each of the § 404.1657(c) factors before declining to give any weight to the opinion of a treating specialist.'" *Jones v. Colvin*, 638 F. App'x, 300, 303-04 (5th Cir. 2016) (unpublished) (citing *Brown v. Apfel*, 192 F.3d 492, 500 (5th Cir. 1999)). "Medical opinions are statements from acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." 20 C.F.R. § 404.1527(a)(1).[2] Additionally, the Appeals Council and ALJ were entitled to afford little or even no weight to Doster's statements because they contradicted the record as a whole: "The ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion." *Martinez v. Chater*, 64 F.3d 172, 176 (5th Cir. 1995) (per curiam) (brackets, quotations, and citation omitted).

---

[2] These regulations apply to claims – like those of plaintiff's – filed before March 27, 2017.   20 C.F.R. § 404.1527.

Doster's own treatment records contradict his June 2016 statements, giving the Appeals Council and the ALJ substantial evidence to afford his statements less weight. (Adm. Rec. at 889, 907, 912). For example, contradicting Doster's statement that plaintiff has a "marked" limitations in his daily activities, plaintiff "plan[ned] to purchase the proper equipment so he can access movies on TV. He recognizes the healing power of humor." (*Id.* at 889). Plaintiff is able to care for himself, has a driver's license and drives a car, even going out alone, shops in stores, and reads and writes in English. (*Id.* at 5, 385). He needs no help with his personal needs and grooming and can remember to take his medication.   (*Id.* at 384).   Contradicting his statement that plaintiff has a "marked" limitation in his concentration, persistence, or ability to maintain pace, in April 2016, plaintiff concentrated sufficiently to request a note to avoid jury duty. (*Id.* at 889). He can pay attention "for as long as it takes" and follows instructions "real well." (*Id.* at 387). He can pay bills, count change, handle a savings account, and use a checkbook and money orders. (*Id.* at 385).

Contradicting Doster's statement that plaintiff has a "marked" limitation in his social functioning, "[t]he one thing he says he looks forward to his [sic] spending time with his two grandchildren, who along with the mother are staying with him and his wife currently. . . . He says they get along well and it does not seem crowded." (*Id.* at 912). Moreover, between 2013 and 2015 – after his alleged disability onset date – plaintiff worked part-time as a waiter at Galatoire's and two other places, and this Court has found no evidence – and no party has cited it to any – of issues relating to any poor interactions with fellow staff and customers.   (*Id.* at 30). Irreconcilable with Doster's statement that plaintiff has a "marked" limitation in episodes of decompensation, the record does not document any episodes of decompensation. (*Id.* at 907). Lastly, Doster's statement that plaintiff's mental limitations were expected to last 12 months or longer is highly questionable,

given that plaintiff failed to comply with Doster's own treatment recommendation: "[Plaintiff] was given three assignments last session and he completed none of them. In fact, he made no effort." (*Id.* at 889). The failure to follow prescribed treatment precludes a finding of disability. *Johnson v. Sullivan*, 894 F.2d 683, 685 n.4 (5th Cir. 1990). In short, Doster's observations are irreconcilable with his statements regarding plaintiff's limitations, and such contradictions served as substantial evidence supporting the Appeals Council's and the ALJ's consideration of Doster's statements. (*Id.* at 905-907). There was substantial evidence in the record to support the ALJ's and the Appeals Council's conclusions. While there may be evidence in the record to support plaintiff's allegations, the weighing of evidence is the province of the ALJ, not this Court. *Carey*, 230 F.3d at 135.

## VI.    CONCLUSION

Accordingly,

**IT IS RECOMMENDED** that plaintiff's Motion for Summary Judgment be DENIED, the Commissioner's cross-motion be GRANTED, and plaintiff's case be DISMISSED WITH PREJUDICE.

## NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report.    28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error.    *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 23rd day of August, 2019.


**DANA M. DOUGLAS**
**UNITED STATES MAGISTRATE JUDGE**